**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Brand and David Brand,<br><br>            Plaintiffs,<br><br>v.<br><br>Creative Health Care Services, Inc., d/b/a Sunrise Health & Hospice, an Arizona corporation.<br><br>            Defendant. | No. CV-12-00806-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion for Voluntary Dismissal, (Doc. 46). Also pending are Defendant's Motion for Sanctions Against Plaintiffs, (Doc. 40), Motion for Leave of Court to File Defendant's Second Motion for Sanctions Against Plaintiffs, (Doc. 44), and Motion for Leave to File Surreply, (Doc. 51). For the reasons discussed below, the Court grants the Motion to Dismiss, grants in part and denies in part the Motion for Sanctions, and denies the Motions for Leave of Court.

**BACKGROUND**

On April 17, 2012, Plaintiffs Susan and David Brand filed a Complaint against Defendant Creative Health Care Services, Inc. ("Creative") alleging sex discrimination, sexual harassment, and retaliation in the workplace. (Doc. 1 ¶ 1.) Creative filed its Answer on July 23, 2012. (Doc. 12.) Ms. Brand worked as an employee of Creative, doing business as Sunrise Health and Hospice, from January 2009 until November 2009. (Doc. 1.) The Brands contend that on various occasions throughout Ms. Brand's employment, her manager, Dr. Khalid Shirif, subjected Ms. Brand to offensive verbal and

physical conduct. (Doc. 1 at 2–3.) Unrelated to events between the Parties, in April 2010, Ms. Brand suffered a traumatic brain injury after hitting her head in a fall. (Doc. 49-1, Ex. A at 2).

On March 5, 2013, the Court conducted a telephone conference with the Parties to resolve a discovery dispute. (Doc. 40.) Creative contended that the Brands had not provided signed medical and counseling records releases required to calculate damages and conduct discovery in this matter. (*Id.* at 2.) The Court ordered the Brands to provide the release forms to Creative within seven days. (*Id.*) Creative contends that the forms were not delivered within seven days by March 12, 2012, (id.), and Brand does not argue otherwise. Creative certifies that it attempted to resolve the discovery dispute by conferring with the Brands. (*Id.*) Not able to resolve the dispute, Creative filed a Motion for Sanctions on March 19, 2013, and requested reasonable expenses caused by the Brands' failure to produce records releases. (*Id.* at 4–5.) Creative did not, however, provide evidence as to what expenses it incurred.

On April 1, 2013, the Court granted Creative's Motion for Rule 35 Examination and ordered Ms. Brand to submit to a medical examination. (Doc. 39.) Creative scheduled an appointment for the examination for April 10, 2013 (Doc. 44.) Although the Brands contend that they notified Creative that Ms. Brand would not be able to attend the exam as early as on April 5, 2013, (Doc. 47 at 1–2), it is uncontested that Creative was notified that Ms. Brand would not attend at least two days before the exam, (Doc. 48). On April 9, 2013, the Brands filed a Notice of Voluntary Dismissal. (Doc. 43.) On April 10, 2013, Creative filed a Motion for Leave of Court to File a Second Motion for Sanctions for the Brands' failure to comply with the Court's Order to attend the Rule 35 medical examination. (Docs. 39, 44.)

The Brands seek to voluntarily dismiss the action with prejudice. (Doc. 46.) They assert that Ms. Brand's medical condition, resulting from her fall, and the Brands' Christian faith prevent them from pursuing this litigation. (Docs. 46, 50.) Creative agrees to a dismissal with prejudice but also seeks an award of attorneys' fees under Title VII.

(Doc. 49.)

## DISCUSSION

### I.  LEGAL STANDARD

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). When a plaintiff voluntarily dismisses its claim *with* prejudice, a conclusion that the defendant will suffer no legal prejudice from the dismissal is strengthened. *Id.* at 976.

### II.  ANALYSIS

#### A.  Motion for Voluntary Dismissal with Prejudice

Here, a voluntary dismissal by the Brands requires a court order because Creative has served its Answer. (Doc. 49.) *Sams v. Beech Aircraft Corp.,* 625 F.2d 273, 277 (9th Cir. 1980). Both Parties agree that the Brands' Complaint should be dismissed with prejudice. (Docs. 46, 49.) Thus, Creative will suffer no harm from dismissal here. *See Smith*, 263 F.3d at 976. Additionally, Creative requests "an express order stating that Plaintiffs' claims are dismissed with prejudice having been adjudicated upon the merits." (Doc. 49.) A dismissal "with prejudice", however, constitutes "an adjudication upon the merits." 531 U.S. 497, 505 (2001). The Ninth Circuit has held that a voluntary dismissal with prejudice is "sufficient to confer prevailing party status on the . . . defendants for those claims." *Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir. 1997) *abrogated on other grounds by Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572 (9th Cir. 2000); *see Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 889 (9th Cir. 2000) (noting that "a voluntary dismissal of a diversity action with prejudice is 'tantamount to a judgment on the merits' for purposes of attorneys' fees awards") (quoting *Zenith*, 108 F.3d at 207). Creative is, thus, the prevailing party.

#### B.  Attorneys' Fees

Attorneys' fees may be awarded to (1) a prevailing defendant (2) when the plaintiff's action is "frivolous, unreasonable, or without foundation." *Christiansburg*

*Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978). Creative is the prevailing party in this action and the Court has discretion to award attorneys' fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 421. An action is frivolous when it is wholly without merit. *Braunstein v. Arizona Dept. of Transp.*, 683 F.3d 1177, 1188 (9th Cir. 2012). Creative contends that the claims are frivolous because Ms. Brand's medical condition, the basis for the Brands' voluntary dismissal, existed before the suit was filed. (Doc. 49 at 4.) Creative argues that the Brands should not have brought their claims in the first instance if they knew that they would not be able to prosecute them. However, the question of whether a suit is frivolous, unreasonable, or without foundation relates to the merits of a case, not to the physical or other capacity of plaintiffs to bring it. *See Gibson v. Office of Atty. Gen., State of California*, 561 F.3d 920, 929 (9th Cir. 2009) ("A case may be deemed frivolous only when the result is obvious or the arguments of error are wholly without merit.") (internal quotation marks and citation omitted).

Creative may be arguing that the suit is frivolous because Ms. Brand's current medical condition, caused by her own actions, is the actual cause of damages she claims in this suit. Nevertheless, due to the Brand's decision to dismiss this action with prejudice, which the Defendant does not contest, there is insufficient evidence in the record for the Court to make such a determination. While, under different circumstances the Court might draw such an inference, It is not comfortable awarding significant attorneys' fees on such an inference here. Thus, although Creative is the prevailing defendant, it is not awarded its attorneys' fees.

**C.    Motions for Sanctions**

**1.    First Motion for Sanctions**

The Court has the inherent power to impose sanctions where a party is "engaged in bad faith or willful disobedience of a court's order." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 46–47 (1991). Discovery sanctions are permissible even after a plaintiff has moved to voluntarily dismiss an action with prejudice. *Play Visions, Inc. v. Dollar Tree Stores,*

*Inc.*, No. C09-1769 MJP, 2011 WL 2292326, at *11 (D. Ariz. June 8, 2011) (accepting the plaintiff's unopposed motion to dismiss with prejudice but authorizingسanctions pursuant to Fed. R. Civ. P. 26(g)).

In its Motion, Creative requests that the Brands pay Creative's reasonable expenses caused by the Brands' failure to comply with the Order to produce medical and counseling records releases.[1] The Brands have not filed a response to Creative's Motion. Creative has failed to specify what types of expenses it incurred from the Brands' failure to produce the records. (Doc. 40 at 4–5.)

Under Fed. R. Civ. P. 37(b)(2)(C), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See also Roadway Exp. Inc. v. Piper*, 447 U.S. 752, 763 ("Both parties and counsel may be held personally liable for expenses, 'including attorney's fees,' caused by the failure to comply with discovery orders.") (quoting *Stanziale v. First Nat'l City Bank*, 74 F.R.D. 557, 560 (S.D.N.Y. 1997)). Although Ms. Brand has a serious medical condition, the Brands have not explained how the condition prevented them from producing the records. Insofar as Creative incurred reasonable attorneys' fees and costs related to the request for medical and counseling records, such expenses are awarded to Creative upon application to the Court that complies with the requirements of the local rules of civil procedure.

### 2. Motion for Leave to File Second Motion for Sanctions

The Court has discretion to grant or deny sanctions. *David v. Hooker, Ltd.*, 560 F.2d 412, 418 (9th Cir. 1977). Defendant's Motion for Leave of Court to File Defendant's Second Motion for Sanctions Against Plaintiffs is denied and Defendant's Motion for Leave to File Defendant's Surreply is also denied.

/ / /

---

[1] Because the Brands have moved to voluntarily dismiss the action with prejudice, Creative's request for dismissal in its first Motion for sanctions is moot.

1    **IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Voluntary Dismissal, (Doc. 46), is **granted**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions Against Plaintiffs, (Doc. 40), is **denied in part** and **granted in part**.

**IT IS FURTHER ORDERED** that Defendants make an application for reasonable expenses in accordance with this order and in accordance with Local Rule 54.2.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave of Court to File Defendant's Second Motion for Sanctions Against Plaintiffs, (Doc. 44), is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Surreply, (Doc. 51), is **denied**.

Dated this 17th day of June, 2013.

_A. Murray Snow_
G. Murray Snow
United States District Judge